**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SIRANUSH KAMIKIAN, | No. 08-70523 |
| Petitioner, | Agency No. A078-650-916 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 10, 2011[**]

Before:    BEEZER, TALLMAN, and CALLAHAN, Circuit Judges.

Siranush Kamikian, a native and citizen of Armenia, petitions for review of

the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an

immigration judge's decision denying her application for asylum, withholding of

removal, and relief under the Convention Against Torture ("CAT").  We have

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without
oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. "This court reviews factual determinations, including credibility determinations, for substantial evidence." *Morgan v. Mukasey*, 529 F.3d 1202, 1206 (9th Cir. 2008). We deny the petition for review.

Substantial evidence supports the BIA's finding that Kamikian testified inconsistently concerning how her employment ended, and whether Kamikian was fired or resigned voluntarily goes to the heart of her claim that she was persecuted on account of her whistle-blower status. *See Desta v. Ashcroft*, 365 F.3d 741, 745 (9th Cir. 2004). Kamikian also failed to corroborate her claim with material evidence that a reasonable trier of fact would not be compelled to conclude was unavailable. *See* 8 U.S.C. § 1252(b)(4)(D); *Sidhu v. INS*, 220 F.3d 1085, 1090 (9th Cir. 2000) ("[I]f the trier of fact either does not believe the applicant or does not know what to believe, the applicant's failure to corroborate his testimony can be fatal to his asylum application."). Substantial evidence therefore supports the BIA's determination that Kamikian did not satisfy her burden of proof for establishing eligibility for asylum. *See Chebchoub v. INS*, 257 F.3d 1038, 1044–45 (9th Cir. 2001). Accordingly, we deny the petition as to Kamikian's asylum claim.

Because Kamikian failed to establish eligibility for asylum, she necessarily cannot demonstrate eligibility for withholding of removal. *See Farah v. Ashcroft*,

348 F.3d 1153, 1156 (9th Cir. 2003).

Finally, because Kamikian's CAT claim is based on the same evidence that the agency found not credible, and she points to no other evidence showing it is more likely than not she would be tortured if returned to Armenia, her CAT claim fails. *See id.* at 1156–57.

**PETITION FOR REVIEW DENIED.**